[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13264
Non-Argument Calendar

_____

BIA No. A98-674-177

MARIAM DOUMBIA FOFANA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 4, 2008)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Mariam Doumbia Fofana ("Doumbia"), a native and citizen of Ivory Coast,

petitions this Court to review an order of the Board of Immigration Appeals

("BIA") dismissing her appeal of the Immigration Judge's ("IJ") order of removal

and withholding of removal under the Immigration and Nationality Act ("INA"),

and relief under the United Nations Convention Against Torture and Other Cruel,

Inhuman, or Degrading Treatment or Punishment ("CAT").[1]  On review, Doumbia

challenges the IJ's and BIA's adverse credibility findings, and argues that she met

her burden of proof to establish eligibility for withholding of removal and CAT

relief.

We review only the BIA's decision, except to the extent that it expressly

adopts the IJ's opinion.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir.

2001).  Where the BIA expressly adopts and affirms the IJ's decision and adds its

own analysis, we review the IJ's decision as supplemented by the BIA.  Savoury v.

U.S. Att'y Gen., 449 F.3d 1307, 1312 (11th Cir. 2006).  To the extent that the

BIA's decision was based on a legal determination, review is de novo.  D-

Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004).  The BIA's and

IJ's factual determinations, however, are reviewed under the substantial evidence

test, which requires us to "view the record in the light most favorable to the

agency's decision and draw all reasonable inferences in favor of that decision."

---

[1] Doumbia concedes that we lack jurisdiction to review the IJ's and BIA's determination that
her asylum application was untimely.  See INA § 208(a)(3), 8 U.S.C. § 1158(a)(3).

Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc).  We will affirm the IJ or BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  D-Muhumed, 388 F.3d at 818  (quotation omitted).  "To reverse the . . . fact findings, we must find that the record not only supports reversal, but compels it."  Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

The Attorney General "may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."  INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A).  "An alien bears the burden of demonstrating that [she] more-likely-than-not would be persecuted or tortured upon [her] return to the country in question."  Mendoza, 327 F.3d at 1287.  If credible, a petitioner's testimony may be enough to satisfy this burden without corroboration.  Id.  An applicant for withholding of removal may not show merely that she is a member of a particular social group, but must show persecution on account of membership in a particular social group.  Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1198 (11th Cir. 2006), cert. denied, 127 S.Ct. 977 (2007); INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A).

The burden of proof is on the applicant to establish eligibility for withholding of removal under the CAT.  8 C.F.R. § 208.16(c)(2); Reyes-Sanchez

3

v. U.S. Att'y Gen., 369 F.3d 1239, 1242 (11th Cir. 2004). The applicant must establish that it is more likely than not that she would be tortured if returned to the proposed country of removal. Id. The applicant must also demonstrate that the feared torture would be by the government or with the government's acquiescence. Reyes-Sanchez, 369 F.3d at 1242.

We review credibility determinations under the substantial evidence test and will not substitute our judgment for that of the IJ or BIA with respect to credibility findings. D-Muhumed, 388 F.3d at 818.

> [T]he IJ [or BIA] must offer specific, cogent reasons for an adverse credibility finding. Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's [or BIA's] credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence. A credibility determination, like any fact finding, may not be overturned unless the record compels it.

Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (citations and quotations omitted).

"Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). If credible, an alien's testimony may be sufficient, without corroboration, to sustain her burden of proof in establishing her eligibility for relief from removal. Forgue, 401 F.3d at 1287. "Conversely, an adverse credibility determination alone may be sufficient to

4

support the denial of an asylum application." Id. "The weaker an applicant's testimony, . . . the greater the need for corroborative evidence." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). We have held that an applicant's failure to mention certain aspects of her claim before the hearing can support an adverse credibility finding. Forgue, 401 F.3d at 1287 (holding that in light of an applicant's omission of various relevant facts from his asylum application, "substantial evidence support[ed] the IJ's adverse credibility determination")

In this case, the BIA expressly adopted and affirmed the IJ's decision and added its own analysis regarding the adverse credibility finding. Therefore, we review, under the substantial evidence test, the IJ's decision regarding eligibility for withholding of removal and CAT relief, and the IJ's adverse credibility finding as supplemented by the BIA. Al Najjar, 257 F.3d at 1284; Savoury, 449 F.3d at 1312; Adefemi, 386 F.3d at 1026-27. Upon review of the record, and upon consideration of the briefs of the parties, we conclude that the IJ's and BIA's adverse credibility finding, and the IJ's findings regarding Doumbia's eligibility withholding of removal and CAT relief, were based on substantial evidence.

The IJ and BIA explicitly found that Doumbia's testimony was not credible, they gave specific, cogent reasons for their determination, and their findings were supported by substantial evidence. Because Doumbia was found not to be credible, she needed to present other evidence to establish eligibility for withholding of

5

removal or CAT relief, but she failed to do so. Thus, substantial evidence supports the finding that Doumbia was not eligible for withholding of removal or CAT relief. Accordingly, we deny the petition.

**PETITION DENIED.**